IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BESSIE V. SPEER, )
)
    Plaintiff, )
) No. 8-cv-1507
VS. )
)
THOMAS KAVIC, M.D., et al., )
)
    Defendants. )

AMBROSE, Chief District Judge.

## MEMORANDUM ORDER

In this civil action, on which jurisdiction is premised on diversity of citizenship, Plaintiff avers that the Defendant physician failed to properly interpret and otherwise deal with an abnormal density revealed in an x-ray of her deceased husband's chest. Plaintiff asserts wrongful death and survival claims.

Before the Court is Plaintiff's Motion to Compel Discovery from the Defendant physician and Brighton Radiology Associates; at issue are two Interrogatories, and one Request for Production of Documents. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Option One Mortgage Corp. v. Fitzgerald, No. 3:07-cv-1877, 2009 U.S. Dist. LEXIS 18827 (M.D. Pa. Mar. 11, 2009).

Interrogatory No. 28 seeks information regarding all malpractice claims against Defendants. Defendant Brighton objects to the discovery of this

information as irrelevant, on grounds that Plaintiff's claims against it are solely vicarious. Plaintiff, however, does not now assert that all of Brighton's litigation history is relevant. Instead, she asserts that the Interrogatory is relevant to the extent it seeks information relating to the failure to diagnose lung cancer. I am unable to hold that the narrowed inquiry, as stated in Plaintiff's Motion to Compel, is not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Defendant must respond to the interrogatory with respect to prior lawsuits relating to the failure to diagnose lung cancer.

Interrogatory No. 31 seeks a list of other health facilities with which Brighton has been or is associated with. Defendant objects to the Interrogatory, <u>inter alia</u>, as overly broad. I agree. Plaintiff, however, citing to a Brighton radiologist who reviewed Plaintiff's x-ray at a different facility, states that she wishes to discover information regarding "which radiographic films involved in this case have been interpreted by Brighton Radiologists," at any health facility. Defendant does not object to the discovery of such information, and Plaintiff is entitled to that discovery. As drafted, however, the Interrogatory is not sufficiently tailored. Accordingly, I will deny the Motion to that extent, and Plaintiff may reframe the Interrogatory in accordance with her present description of the desired information.

As regards Request for Production No. 3, Defendant asserts that it has already complied with said Request. Defendant does not deny Plaintiff's entitlement to the information sought. I must accept Defendant's representation to the Court, and remind the parties of Defendant's continuing

discovery obligation under the Federal Rules of Civil Procedure.

As a final note, based on the parties' submissions and the nature of the disputes, it appears as though counsel should have been able to resolve these matters without court intervention. The parties are encouraged to make greater efforts to resolve such matters in the future.

AND NOW, this 3rd day of April, 2009, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court