IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BESSIE V. SPEER, Administratrix of the Estate of ROBERT A. SPEER, Deceased, Plaintiff, vs. THOMAS KAVIC, M.D., *et al*, Defendants. | Civil Action No. 8-1507 |

AMBROSE, U.S. District Judge

## OPINION and ORDER OF COURT

Defendants have filed a Motion in Limine to Preclude the Opinion Testimony of Paul W. Lim, M.D. See Docket No. 37. Dr. Lim authored a letter dated April 15, 2009.[1] In the letter, Dr. Lim notes that he reviewed chest x-rays taken of Robert Speer in December of 2006 and that the x-rays revealed a large abnormal mass density in the right upper lung. Dr. Lim observed that further testing confirmed advanced lung cancer with lymph node involvement. Significantly, however, Dr. Lim stated that:

> I did not have any previous exams for comparison at the time of interpretation. Also, I do not recall or have any memory that I reviewed the exams with previous studies by myself or with Dr. Aziz [at a] later date.

See Docket No. [37-2]. Based upon Dr. Lim's acknowledgment that he did not consult previous x-rays taken of Mr. Speer in February of 2006 when diagnosing and treating him in December of 2006, and because Dr. Lim was not identified on Plaintiff's Pretrial Statement as an expert, the Defendants seek to preclude him from offering at trial any opinion or expert testimony concerning

---

[1] The letter is attached to the Motion as Docket No. 37-2.

1

the February 2006 x-rays.[2]

The Motion is GRANTED.  Plaintiff's Pretrial Statement clearly identifies Dr. Lim as a fact witness who will be called in the "capacity as a physician involved in the treatment of Mr. Speer." See Docket No. 45.  Pursuant to Federal Rule of Evidence 701:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are ... (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.  Testimony that the February 2006 x-ray reveals a "vaguely outlined nodular density in right upper lung supar-hilar region" constitutes an opinion which is based upon scientific, technical or other specialized knowledge within the scope of Rule 702.  As such, it should be precluded as inappropriate expert testimony.

In so ruling, I reject as unpersuasive the Plaintiff's contention that, even if Dr. Lim's testimony on this matter constitutes expert testimony, it should not be excluded because the Defendants were provided with the letter three days prior to the deadline for disclosure of experts. Consequently, the Plaintiff reasons, the Defendants had ample time to depose Dr. Lim.  Had the Plaintiff actually identified Dr. Lim as an expert, rather than a fact witness, I would agree.  Yet Plaintiff only identified Dr. Lim as a fact witness, and the letter was disclosed - not during Dr. Lim's deposition - but during the deposition of another individual.  Suffice it to say that Plaintiff never placed Defendants on notice that Dr. Lim would be testifying in any capacity other than as a treating physician and thus as a fact witness.

Nor am I persuaded that Dr. Lim's testimony concerning the February 2006 x-ray is necessary from a factual standpoint to explain why Bessie Speer pursued this claim. See Docket No. 46, p. 2.  I do not know that Ms. Speer's motivations or decision to pursue this claim is relevant.

---

[2] For instance, in the April 15, 2009 letter, Dr. Lim states that the February 2006 x-ray shows "vaguely outlined nodular density in right upper lung supar-hilar region." See Docket No. 37-2.

I similarly reject as lacking merit, Plaintiff's argument regarding agency. Plaintiff has not offered any persuasive case law suggesting that agency principles are somehow related to determining whether a statement constitutes "expert testimony" within the meaning of Federal Rule of Evidence 702. Finally, regardless of Plaintiff's intentions with respect to the testimony of Dr. Bayuk and Linda Uhernik, such matters are not before me. The present Motion relates only to opinion testimony offered by Dr. Lim.

AND NOW, this 21st day of October, 2009, after careful consideration, and for the reasons set forth above, the Motion in Limine (Docket No. 37) is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
U.S. District Judge