IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bessie V. Speer, Administratrix of the Estate of Robert A. Speer, deceased,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Thomas Kavic, M.D., *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 08-1507 |

AMBROSE, U.S. District Judge

# OPINION
# AND
# ORDER OF COURT

On October 5, 2009, Plaintiff filed a Motion in Limine and Brief in Support seeking (1) to preclude evidence of Defendant Thomas Kavic, M.D.'s ("Dr. Kavic") hearing loss and (2) to preclude certain testimony from two of Defendants' named experts, James D. Luketich, M.D. and Ahmad A. Tarhini, M.D. (Docket Nos. 39-40). Defendants oppose Plaintiff's Motion. (Docket No. 42). The Motion is now ripe for review, and I have considered it in light of the appropriate evidentiary standards. After careful consideration, the Motion is denied as set forth more fully below.

**I.   Dr. Kavic's Hearing Loss**

Dr. Kavic testified in his deposition that he has suffered from profound hearing loss due to meningitis since the age of one. Plaintiff does not dispute Dr. Kavic's hearing loss but has moved in limine to preclude evidence regarding that hearing loss pursuant to Federal Rule of Evidence 402 on the grounds that such evidence is irrelevant. Alternatively, Plaintiff argues that the hearing loss evidence must be excluded under Rule 403 because any probative value is substantially

1

outweighed by the danger of unfair prejudice. Specifically, Plaintiff argues that "the jurors may feel sympathy for Dr. Kavic, and inappropriately consider this factor when deliberating regarding the evidence in the case." Pl.'s Motion at 2; Pl.'s Br. at 1. I disagree.

As Defendants represent in their opposition brief, Dr. Kavic cannot adequately monitor the volume and tone of his speech. In addition, at trial, Dr. Kavic will need to use a sophisticated transcription system to allow him to follow in real time what is occurring. Thus, evidence of Dr. Kavic's hearing impairment is relevant to the issue of why his speech is unclear and why he will be reading from a screen throughout trial. In addition, testimony that Dr. Kavic is deaf will not unfairly prejudice Plaintiff. The potential that such testimony may engender some sympathy for Dr. Kavic simply does not substantially outweigh the probative value of the evidence. If anything, precluding the testimony would prejudice Dr. Kavic by leaving the jury to speculate as to why he speaks differently and why he requires the use of real-time transcription. For all of these reasons, this portion of Plaintiff's Motion in Limine is denied.

## II.  Defense Experts

Plaintiff moves in limine to preclude the testimony of Drs. Luketich and Tarhini as to the issue of whether Dr. Kavic negligently interpreted Mr. Speer's February 14, 2006 chest x-ray.[1] In support, Plaintiff argues that Drs. Luketich (a thoracic oncologist and surgeon) and Tarhini (an oncologist) do not practice the same specialty as Dr. Kavic (a radiologist) and are not substantially familiar with the standard of care for interpretation of an x-ray; therefore, those experts cannot testify regarding the interpretation of the February 14, 2006 x-ray under the Pennsylvania MCare Act, 40 Pa. Stat. § 1303.512. Pl.'s Br. at 1-2. Alternatively, Plaintiff argues that the testimony of Drs. Luketich and Tarhini is cumulative. See id. Both of Plaintiff's arguments are without merit.

---

[1] Defendants also propose to call Carl R. Fuhrman, M.D., a thoracic radiologist, to testify as to the February 14, 2006 x-ray. Plaintiff does not challenge this expert. Plaintiff likewise does not challenge Defendants' ability to call Drs. Tarhini or Luketich to testify on any of the other issues discussed in their reports.

With respect to Plaintiff's first argument, section 1303.512 of the Pennsylvania MCare Act provides that an expert testifying as to a physician's standard of care must "[b]e substantially familiar with the applicable standard of care for the specific care at issue as of the time of the alleged breach of the standard of care." 40 Pa. Stat. § 1303.512(c)(1).  The expert also must "practice in the same subspecialty as the defendant physician or in a subspecialty which has a substantially similar standard of care for the specific care at issue, except as provided in subsection (d) or (e)."  Id. § 1030.512(c)(2).  Subsection (e) provides that the "same specialty" requirement may be waived for "an expert testifying as to a standard of care if the court determines that the expert possesses sufficient training, experience, and knowledge to provide the testimony as a result of active involvement in or full-time teaching of medicine in the applicable subspecialty or a related field of medicine within the previous five-year time period." Id. § 1030.512(e).

Here, as an initial matter, Defendants represent that Drs. Luketich and Tarhini will not testify as to the standard of care that applies to a radiologist interpreting an x-ray. Defs.' Br. at 5.  To the extent the experts at issue do not testify regarding the standard of care, the portions of the MCare statute to which Plaintiff cites do not apply.  Even if the testimony of Drs. Luketich and Tarhini does relate to standard of care issues, Defendants state that, on voir dire, the experts will testify that they regularly review x-rays in the course of their respective practices and are completely familiar with the applicable standard of care for reviewing and interpreting an x-ray.  According to Defendants, Dr. Luketich, as a thoracic surgeon, routinely reviews chest x-rays and other studies of the chest incident to performing thoracic surgery, and Dr. Tarhini, as an oncologist, routinely reviews x-rays (including chest x-rays) and other diagnostic studies in connection with formulating treatment plans for individuals diagnosed with cancer, including lung cancer.  In addition, Defendants state that both physicians possess the training, experience, and knowledge necessary to testify as to the interpretation of a chest x-ray.  Defs.' Opp. Br. at 5.  Such testimony, if given at trial, would demonstrate that the physicians are qualified to testify as to pertinent standard of care issues under

40 Pa. Stat. § 1303.512 even though they are not radiologists.

With respect to Plaintiff's second argument, that the proposed expert testimony is cumulative, I likewise disagree. Although each of Defendants' three proposed experts will opine that the February 14, 2006 x-ray was normal and/or did not contain any evidence of a nodule or mass, each expert hails from a different specialty and approaches the interpretation of the x-ray from a different perspective and a different time in the patient's treatment. Moreover, simply because Plaintiff has not matched the number of Defendants experts does not automatically render Defendants' expert testimony cumulative. In short, nothing in the record currently before me indicates that the testimony of all three of Defendants' experts would constitute the needless presentation of cumulative evidence. See Fed. R. Civ. P. 403. For all of these reasons, this portion of Plaintiff's Motion in Limine is denied.

AND NOW, this 21st day of October, 2009, upon consideration of Plaintiff's Motion in Limine (Docket No. 39), it is hereby ordered that the Motion is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. District Judge